**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10209 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00512-GMN-GWF-1 |
| v. | |
| DARIAN CROMWELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted June 11, 2013[**]
San Francisco, California

Before: O'SCANNLAIN and HURWITZ, Circuit Judges, and PIERSOL, Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

Darian Cromwell appeals the sentence imposed after his convictions of one count of felon in possession of a firearm and two counts of felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cromwell argues that the district court erred in setting the base offense level under the Sentencing Guidelines.  In particular, Cromwell argues that the district court erred in finding that "the offense involved a . . . semiautomatic firearm that is capable of accepting a large capacity magazine," U.S.S.G. § 2K2.1(a)(1), because a magazine was not "in close proximity to the firearm," *id.* cmt. n.2.

The firearm in this case was stored in a tote "mere feet" from a blue gym bag containing a large capacity magazine.  An officer testified without contradiction that one could reach the magazine by bending down and then access the gun from the same spot by simply "standing up and looking to the left and reaching up."  Under these facts, it is plain that the two items were "in close proximity."  *See United States v. Heldberg*, 907 F.2d 91, 94 (9th Cir. 1990) (holding in another context that an item is "in close proximity" if it is "a few feet away and readily accessible . . . in the event [the defendant] desired to use it to commit an act of violence").

**AFFIRMED.**